Ana Paula Beatriz **BATRES GARCIA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 07–71386.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008 \*.

Filed Nov. 19, 2008.

Ana Paula Beatriz Batres Garcia, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Ana Paula Beatriz Batres Garcia, a native and citizen of El Salvador, petitions

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

■ Substantial evidence supports the IJ's denial of asylum because Batres Garcia did not suffer any past harm in El Salvador and her future fear of generalized violence and persecution based on an imputed anti-gang opinion are not on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *see also Santos–Lemus v. Mukasey*, 542 F.3d 738, 744–47 (9th Cir.2008) (concluding that the group "[young men] in El Salvador resisting gang violence" is not a particular social group for purposes of asylum).

■ Because Batres Garcia failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

Batres Garcia's challenge to the BIA's summary affirmance is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**